UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| MARIA MARRERO, ADMINISTRATRIX : <br> FOR THE ESTATE OF ERNESTO MORALES : <br> : <br> Plaintiff : <br> : <br> v. : <br> : <br> CITY OF HARTFORD, ET AL : <br> : <br> Defendants : | CIVIL ACTION NO.: <br> 3:14-cv-00831 (WWE) <br><br><br><br><br><br><br><br><br> July 25, 2014 |

## ANSWER OF DEFENDANTS WILLIAM COTE, KENNETH MEDINA, KENNETH LABBE AND ROBERT IOVANNA

**INTRODUCTION:**

1.  As to the allegations contained in Paragraph 1, these defendants have insufficient information or knowledge upon which to form a belief and leave the Plaintiff to her proof thereof.

**PARTIES AND JURISDICTION:**

1.  As to the allegations contained in Paragraphs 2, 3, 4, 9 and 10, these defendants have insufficient information or knowledge upon which to form a belief and leave the Plaintiff to her proof thereof.

2.  That portion of Paragraph 5 which states, "Upon information and belief, the Defendant Officer William Cody, is and was at all times relevant hereto

a police officer with the City of Hartford Police Department," is admitted except his name is William Cote; as to the allegations contained in the balance of said Paragraph, these Defendants have insufficient information or knowledge upon which to form a belief and leave the Plaintiff to her proof thereof.

    3.    That portion of Paragraph 6 which states, "Upon information and belief, the Defendant Officer Kenneth Medina is and was at all times relevant hereto a police officer with the City of Harford Police Department," is admitted; as to the allegations contained in the balance of said Paragraph, these Defendants have insufficient information or knowledge upon which to form a belief and leave the Plaintiff to her proof thereof.

    4.    That portion of Paragraph 7 which states, "Upon information and belief, the Defendant Officer Kenneth Labbe is and was at all times relevant hereto a police officer with the City of Harford Police Department," is admitted; as to the allegations contained in the balance of said Paragraph, these Defendants have insufficient information or knowledge upon which to form a belief and leave the Plaintiff to her proof thereof.

    5.    That portion of Paragraph 8 which states, "Upon information and belief, the Defendant Officer Robert Iovanna is and was at all times relevant

hereto a police officer with the Town of Middletown Police Department," is denied; as to the allegations contained in the balance of said Paragraph, these Defendants have insufficient information or knowledge upon which to form a belief and leave the Plaintiff to her proof thereof.

**VENUE:**

1. As to the allegations contained in Paragraph 11, these defendants have insufficient information or knowledge upon which to form a belief and leave the Plaintiff to her proof thereof.

**FACTS:**

1. As to the allegations contained in Paragraphs 12, 14, 15, 16, 17, 18, 19, 20, 21, 22, 26 and 28, these defendants have insufficient information or knowledge upon which to form a belief and leave the Plaintiff to her proof thereof.

2. Paragraphs 13, 23, 24, 25, 27, 29 and 30 are denied.

**FIRST COUNT:**

1. The answers to Paragraphs 1 through 30 are hereby made answers to Paragraphs 1 through 30 of the First Count.

2. Paragraphs 31 and 32 are denied.

3. That portion of Paragraph 33 which states, "As a direct and proximate result of the conduct of the Defendant Officers," is denied; as to the

allegations contained in the balance of said Paragraph, these Defendants have insufficient information or knowledge upon which to form a belief and leave the Plaintiff to her proof thereof.

    4.    That portion of Paragraphs 34, 35, 36 and 37 which states, "As a further result of the aforementioned conduct of the Defendant Officers," is denied; as to the allegations contained in the balance of said Paragraphs, these Defendants have insufficient information or knowledge upon which to form a belief and leave the Plaintiff to her proof thereof.

**SECOND COUNT:**

    1.    The answers to Paragraphs 1 through 30 are hereby made answers to Paragraphs 1 through 30 of the Second Count.

    2.    Paragraphs 31 and 32 are denied.

    3.    That portion of Paragraph 33 which states, "As a direct and proximate result of the conduct of the Defendant Officers," is denied; as to the allegations contained in the balance of said Paragraph, these Defendants have insufficient information or knowledge upon which to form a belief and leave the Plaintiff to her proof thereof.

    4.    That portion of Paragraphs 34, 35, 36 and 37 which states, "As a further result of the aforementioned conduct of the Defendant Officers," is denied;

as to the allegations contained in the balance of said Paragraphs, these Defendants have insufficient information or knowledge upon which to form a belief and leave the Plaintiff to her proof thereof.

**THIRD COUNT:**

    1.    The answers to Paragraphs 1 through 30 are hereby made answers to Paragraphs 1 through 30 of the Third Count.

    2.    Paragraph 31 is denied.

    3.    That portion of Paragraph 32 which states, "As a direct and proximate result of the conduct of the Defendant Officers," is denied; as to the allegations contained in the balance of said Paragraph, these Defendants have insufficient information or knowledge upon which to form a belief and leave the Plaintiff to her proof thereof.

    4.    That portion of Paragraphs 33, 34, 35 and 36 which states, "As a further result of the aforementioned conduct of the Defendant Officers," is denied; as to the allegations contained in the balance of said Paragraphs, these Defendants have insufficient information or knowledge upon which to form a belief and leave the Plaintiff to her proof thereof.

**FOURTH COUNT:**

These defendants do not answer the Fourth Count as it is not directed towards them.

**FIFTH COUNT:**

These defendants do not answer the Fifth Count as it is not directed towards them.

## FIRST SPECIAL DEFENSE

At all times referred to in the Complaint, the Defendants William Cote, Kenneth Medina, Kenneth Labbe and Robert Iovanna were acting under their authority as law enforcement officers of the City of Hartford and made reasonable efforts to perform their duties.

## SECOND SPECIAL DEFENSE

At all times referred to in the Complaint, the Defendants William Cote, Kenneth Medina, Kenneth Labbe and Robert Iovanna are immune from the liability for the claims alleged because their actions were reasonable and did not violate any clearly established constitutional or statutory rights of the Plaintiff. Any actions by the named Defendants were reasonable and necessary under the circumstances.

## THIRD SPECIAL DEFENSE

At all times referred to in the Complaint, the Defendants William Cote, Kenneth Medina, Kenneth Labbe and Robert Iovanna are immune from liability for all claims as alleged because they acted in good faith and in that good faith believed that their actions were lawful and undertaken as a law enforcement officer of the City of Hartford.

## FOURTH SPECIAL DEFENSE

At all times referred to in the Complaint, the named municipal employees were engaged in discretionary activities as law enforcement officers of the City of Hartford and therefore, are exempt from liability.

## FIFTH SPECIAL DEFENSE

At all times relevant hereto, the Defendants William Cote, Kenneth Medina, Kenneth Labbe and Robert Iovanna are entitled to qualified immunity, as they were involved in the exercise of discretionary duties while acting as a law enforcement officer of the City of Hartford, and did not violate any clearly established constitutional or statutory rights of the plaintiff, which a reasonable

person would have known, or, in the alternative, it was objectively reasonable for them to believe that their actions did not violate any clearly established constitutional or statutory rights of the plaintiff.

>
> DEFENDANTS WILLIAM COTE, KENNETH MEDINA, KENNETH LABBE AND ROBERT IOVANNA,
>
> /s/William J. Melley III
> William J. Melley III
> Federal Bar No. CT 06355
> 250 Hudson Street
> Hartford, Connecticut 06106
> (860) 247-9933/fax: (860) 247-9944
> Email: wjmelley@wjmelley.com

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| MARIA MARRERO, ADMINISTRATRIX<br>FOR THE ESTATE OF ERNESTO MORALES | : <br> : <br> : | CIVIL ACTION NO.:<br>3:14-cv-00831 (WWE) |
| Plaintiff | : | |
| v. | : <br> : | |
| CITY OF HARTFORD, ET AL | : | July 25, 2014 |

## CERTIFICATE OF SERVICE

I hereby certify that on July 25 2014 a copy of the foregoing Answer and Special Defenses was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by email to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

/s/William J. Melley III
William J. Melley III
Federal Bar No. CT 06355
250 Hudson Street
Hartford, Connecticut 06106
(860) 247-9933/fax: (860) 247-9944
Email: wjmelley@wjmelley.com