## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

---

| | | |
|---|---|---|
| MARIA MARRERO, ADMINISTRATRIX FOR THE ESTATE OF ERNESTO MORALES<br>    Plaintiff | : <br>: <br>: <br>: | CASE ACTION NO. |
| v. | : <br>: | |
| CITY OF HARTFORD, CHIEF JAMES ROVELLA, WILLIAM CODY, KENNETH MEDINA, KENNETH LABBE, and ROBERT IOVANNA<br>    Defendants | : <br>: <br>: <br>: | AUGUST 13, 2014 |

---

## FIRST AMENDED COMPLAINT

**INTRODUCTION:**

1. The plaintiff, Maria Marrero, Administratrix for the Estate of Ernesto Morales, brings this civil action for violation of his rights secured and protected by the Civil Rights Act of 1871 (U.S.C. § 1983), the Fourth and Fourteenth Amendments to the United States Constitution, Articles First §§ 7, 8, and 9 of the Connecticut Constitution, and violation of the laws of the State of Connecticut, for which he seeks compensatory and punitive damages, declaratory and injunctive relief, as well as attorneys fees and costs.

**PARTIES AND JURISDICTION:**

2. Ernesto Morales (hereinafter referred to as "Plaintiff"), was a resident of the City of Hartford, State of Connecticut, and Maria Marrero is the Administratrix for the Estate of Ernesto Morales and the Plaintiff in this matter.

3. Upon information and belief, the Defendant City of Hartford, is and was at all times relevant hereto a municipal corporation, incorporated and existing under the laws of the State of Connecticut, and was and is the employer of the defendants.

1

4. Upon information and belief, the defendant Chief James Rovella, is and was at all times hereto the Chief of the City of Hartford Police Department, and the final policymaker in the area of law enforcement, he is being named in his individual and official capacity, and was and is at all times relevant hereto acting under the color of law during the course of and within the scope of his employment with the City of Hartford Police Department.

5. Upon information and belief, the Defendant Officer William Cody, is and was at all times relevant hereto a police officer with the City of Hartford Police Department, he is being named in his individual and official capacity, and was at all times relevant hereto acting under the color of law during the course of and within the scope of his employment with the City of Hartford Police Department.

6. Upon information and belief, the Defendant Officer Kenneth Medina is and was at all times relevant hereto a police officer with the City of Hartford Police Department, he is being named in his individual and official capacity, and was at all times relevant hereto acting under the color of law during the course of and within the scope of his employment with the City of Hartford Police Department.

7. Upon information and belief, the Defendant Officer Kenneth Labbe is and was at all times relevant hereto a police officer with the City of Hartford Police Department, he is being named in his individual and official capacity, and was at all times relevant hereto acting under the color of law during the course of and within the scope of his employment with the City of Hartford Police Department.

8. Upon information and belief, the Defendant Officer Robert Iovanna is and was at all times relevant hereto a police officer with the Town of Middletown Police

Department, he is being named in his individual and official capacity, and was at all times relevant hereto acting under the color of law during the course of and within the scope of his employment with the City of Hartford Police Department.

9. Jurisdiction in this matter is invoked under 28 U.S.C § 1331, in that the District Court shall have original jurisdiction of all civil actions arising under the Constitution, laws or treaties of the United States.

10. This Court has supplemental jurisdiction over the Plaintiff's state law claims in accordance with 28 U.S.C. § 1367.

**VENUE:**

11. Venue in the District of Connecticut is proper in accordance with 28 U.S.C. § 1391, in that a substantial part of the events or omissions giving rise to the claim occurred in this judicial district.

**FACTS:**

12. During all times herein mentioned, the Defendants and each of them separately and in concert, acted under color of law, to wit, under color of statutes, ordinances, regulations, customs and usages of the State of Connecticut and/or the City of Hartford.

13. Each of the Defendants, separately and in concert, engaged in the illegal conduct herein mentioned to the injury of the plaintiff and deprived Mr. Morales and his Estate of the rights secured by the Fourth Amendment of the United States Constitution, 42 U.S.C. §1983, and by the laws and statutes of the State of Connecticut.

14. On or about Tuesday, July 11, 2012, at approximately 1:00 a.m., the Plaintiff in a motor vehicle in the City of Hartford, State of Connecticut.

15. On July 11, 2012, Mr. Morales was sitting in the driver seat of the vehicle.

16. The vehicle was parked in a parking lot of an apartment building on Wadsworth Street, Hartford, Connecticut.

17. Mr. Morales had been parked there for about a half hour with Moises Serrano and Martin Casseras as passengers.

18. Suddenly, a police vehicle with flashing lights stopped in front of Mr. Morales' vehicle.

19. Two of the Defendant Officers came toward the vehicle with their weapons drawn and stated "hands up!"

20. One officer stood to each side of the vehicle window, with their weapons drawn, and pointed at Mr. Morales.

21. The police cruiser was parked so as to block Mr. Morales' vehicle.

22. Mr. Morales turned his vehicle engine on.

23. As soon as the vehicle engine turned on, both Defendant Officers immediately began shooting with their weapons at Mr. Morales.

24. When the officers started shooting at the vehicle, the vehicle had made no movement. Many shots were fired by the two officers before the vehicle moved.

25. During the shooting, Mr. Serrano jumped out of the vehicle from the passenger door.

26. When Mr. Serrano jumped out of the vehicle, the car was not yet moving.

27. Mr. Morales was hit by bullets several times, and as a result he attempted to drive off in a panic.

28. The shots fired by the officers were fatal, and Mr. Morales soon crashed as a result of the numerous shots by the two officers.

29. When the Defendant Officers originally got to Mr. Morales' vehicle, he had just been sitting there talking with the other two passengers.

30. Neither Mr. Morales nor either of the passengers ever made any threats to the police before the Defendant Officers started to shoot the inside of the vehicle.

**FIRST COUNT:** **(Defendant Officers / City of Hartford — 42 U.S.C. § 1983 / Fourth and Fourteenth Amendments to the United States Constitution; Article First §§ 7, 8 and 9 of the Connecticut Constitution)**

1-30. Paragraphs 1 through 30 above are hereby incorporated and re-alleged as if fully restated herein.

31. The Defendants, separately and in concert, engaged in the illegal conduct mentioned above to the injury of Mr. Morales and his Estate, and deprived the Plaintiff of the rights secured to her by the Fourth Amendment of the United States Constitution and by the laws and statutes of the State of Connecticut.

32. The Defendant Officers violated the rights of Mr. Morales and his Estate secured and protected by the Fourth and Fourteenth Amendments to the United States Constitution, Article First §§ 7, 8 and 9 of the Connecticut Constitution, in one or more of the following ways:

   a. In using unreasonable, unjustified and excessive force upon the Plaintiff;
   b. In that the Defendant Officers acted jointly and in concert with each other as they each had the duty and opportunity to protect the plaintiff from the unlawful acts of the other officers;
   c. In that the Defendant Officers unjustly deprived the plaintiff of rights without due process of law;

d. In that the Defendant Officers unjustly denied the plaintiff the enjoyment of life, liberty and property; and

e. In that the Defendant Officers' actions were reckless.

33. As a direct and proximate result of the conduct of the Defendant Officers, Mr. Morales and his Estate suffered significant personal injuries, including loss of life.

34. As a further result of the aforementioned conduct of the Defendant Officers, Mr. Morales and his Estate have suffered and will continue to suffer in the future considerable emotional and psychological pain and suffering.

35. As a further result of the aforementioned conduct of the Defendant Officers, Mr. Morales and his Estate have suffered and will continue to suffer in the future considerable financial losses.

36. As a further result of the aforementioned conduct of the Defendant Officers, Mr. Morales and his Estate have suffered and will continue to suffer from loss of ability to enjoy life's pleasures and activities.

37. As a further result of the aforementioned conduct of the Defendant Officers, Mr. Morales and his Estate have been forced to incur attorney's fees and costs in order to obtain the rights to which it is entitled.

**SECOND COUNT: (Defendant Officers—Assault and Battery)**

1-30. Plaintiff repeats and re-alleges paragraphs 1 through 30 inclusive above, and incorporates them as paragraphs 1 through 30 of this Second Count as if fully stated herein.

31. Defendant Officers' conduct constituted an intentional assault and battery on the plaintiff.

32. Defendant Officers knew or should have known through the use of reasonable care that that their intentional conduct constituted an assault and battery on the plaintiff.

33. As a direct and proximate result of the conduct of the Defendant Officers, Mr. Morales and his Estate suffered significant personal injuries, including loss of life.

34. As a further result of the aforementioned conduct of the Defendant Officers, Mr. Morales and his Estate have suffered and will continue to suffer in the future considerable emotional and psychological pain and suffering.

35. As a further result of the aforementioned conduct of the Defendant Officers, Mr. Morales and his Estate have suffered and will continue to suffer in the future considerable financial losses.

36. As a further result of the aforementioned conduct of the Defendant Officers, Mr. Morales and his Estate have suffered and will continue to suffer from loss of ability to enjoy life's pleasures and activities.

37. As a further result of the aforementioned conduct of the Defendant Officers, Mr. Morales and his Estate have been forced to incur attorney's fees and costs in order to obtain the rights to which it is entitled.

**THIRD COUNT: (Defendant Officers – Reckless and Wanton Misconduct)**

1-30. Plaintiff repeats and re-alleges paragraphs 1 through 30 inclusive above as if fully stated herein.

31. The Defendant Officers' conduct constituted a reckless and wanton assault upon the plaintiff.

32. As a direct and proximate result of the conduct of the Defendant Officers, Mr. Morales and his Estate suffered significant personal injuries, including loss of life.

33. As a further result of the aforementioned conduct of the Defendant Officers, Mr. Morales and his Estate have suffered and will continue to suffer in the future considerable emotional and psychological pain and suffering.

34. As a further result of the aforementioned conduct of the Defendant Officers, Mr. Morales and his Estate have suffered and will continue to suffer in the future considerable financial losses.

35. As a further result of the aforementioned conduct of the Defendant Officers, Mr. Morales and his Estate have suffered and will continue to suffer from loss of ability to enjoy life's pleasures and activities.

36. As a further result of the aforementioned conduct of the Defendant Officers, Mr. Morales and his Estate have been forced to incur attorney's fees and costs in order to obtain the rights to which it is entitled.

**FOURTH COUNT:** **(City of Hartford and Chief James Rovello – 42 U.S.C. § 1983 / Fourth, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution; Article First §§ 7, 8 and 9 of the Connecticut Constitution)**

1-30. Plaintiff repeats and re-alleges paragraphs 1 through 30 inclusive above as if fully stated herein.

31. The Defendants, separately and in concert, engaged in the illegal conduct mentioned above to the injury of Mr. Morales and his Estate, and deprived the Plaintiff of the rights secured to her by the Fourth Amendment of the United States Constitution and by the laws and statutes of the State of Connecticut.

32. The Defendant Officers violated the rights of Mr. Morales and his Estate secured and protected by the Fourth and Fourteenth Amendments to the United States Constitution, Article First §§ 7, 8 and 9 of the Connecticut Constitution, in one or more of the following ways:

   a. In using unreasonable, unjustified and excessive force upon the Plaintiff;
   b. In that the Defendant Officers acted jointly and in concert with each other as they each had the duty and opportunity to protect the plaintiff from the unlawful acts of the other officers;
   c. In that the Defendant Officers unjustly deprived the plaintiff of rights without due process of law;
   d. In that the Defendant Officers unjustly denied the plaintiff the enjoyment of life, liberty and property; and
   e. In that the Defendant Officers' actions were reckless.

33. As a direct and proximate result of the conduct of the Defendants, Mr. Morales and his Estate suffered significant personal injuries, including loss of life.

34. As a further result of the aforementioned conduct of the Defendants, Mr. Morales and his Estate have suffered and will continue to suffer in the future considerable emotional and psychological pain and suffering.

35. As a further result of the aforementioned conduct of the Defendants, Mr. Morales and his Estate have suffered and will continue to suffer in the future considerable financial losses.

36. As a further result of the aforementioned conduct of the Defendants, Mr. Morales and his Estate have suffered and will continue to suffer from loss of ability to enjoy life's pleasures and activities.

37. As a further result of the aforementioned conduct of the Defendants, Mr. Morales and his Estate have been forced to incur attorney's fees and costs in order to obtain the rights to which it is entitled.

**FIFTH COUNT:** **(City of Hartford - Conn. Gen. Stat. § 52-557n; Conn. Gen. Stat. § 7-465)**

1-30. Plaintiff repeats and re-alleges paragraphs 1-30 inclusive above as if fully stated herein.

31. The Town of Middletown is liable to the Plaintiff in accordance with one or more of the following statutes:

   a. Conn. Gen. Stat. § 52-557n in that a municipal employee(s) negligence caused damage to the Plaintiff, who was at all times relevant hereto an identifiable victim that was subjected to immanent harm; and/or
   b. Conn Gen. Stat. § 7-465 in that the municipality is required to indemnify municipal employee(s) who cause physical injury and/or violate an individuals civil rights.

32. As a direct and proximate result of the conduct of the Defendant Officers, Mr. Morales and his Estate suffered significant personal injuries, including loss of life.

33. As a further result of the aforementioned conduct of the Defendant Officers, Mr. Morales and his Estate have suffered and will continue to suffer in the future considerable emotional and psychological pain and suffering.

34. As a further result of the aforementioned conduct of the Defendant Officers, Mr. Morales and his Estate have suffered and will continue to suffer in the future considerable financial losses.

35. As a further result of the aforementioned conduct of the Defendant Officers, Mr. Morales and his Estate have suffered and will continue to suffer from loss of ability to enjoy life's pleasures and activities.

36. As a further result of the aforementioned conduct of the Defendant Officers, Mr. Morales and his Estate have been forced to incur attorney's fees and costs in order to obtain the rights to which it is entitled.

**WHEREFORE,** the Plaintiff prays for the following relief:
1. A trial by a jury of his peers;
2. Punitive damages;
3. Compensatory damages;
4. Attorneys fees and costs;
5. Injunctive relief;
6. Any and all other equitable relief in accordance with the claims of the plaintiff, as the Court deems appropriate.

THE PLAINTIFF,
MARIA MARRERO,
ADMINISTRATRIX FOR THE ESTATE
OF ERNESTO MORALES


By__/s/_____
Michael T. Petela, Jr. (ct28251)
Cicchiello & Cicchiello, LLP
364 Franklin Avenue
Hartford, CT 06114
Ph: (860) 296-3457
Fax: (860) 296-0676
*mpetela@cicchielloesq.com*

```
------------------------------------------------------------------------x
MARIA MARRERO, ADMINISTRATRIX FOR THE         :    CASE ACTION NO.
ESTATE OF ERNESTO MORALES                     :
      Plaintiff                               :
                                              :
                                              :
v.                                            :
                                              :
CITY OF HARTFORD, CHIEF JAMES ROVELLA,        :
WILLIAM CODY, KENNETH MEDINA, KENNETH         :
LABBE, and ROBERT IOVANNA                     :
      The Defendants                          :    AUGUST 13, 2014
------------------------------------------------------------------------x
```

## REQUEST FOR TRIAL BY JURY

Plaintiff hereby requests trial by jury in the above-captioned matter.

> THE PLAINTIFF,
> MARIA MARRERO,
> ADMINISTRATRIX FOR THE ESTATE
> OF ERNESTO MORALES
>
>
> By____/s/_____
> Michael T. Petela, Jr. (ct28251)
> Cicchiello & Cicchiello, LLP
> 364 Franklin Avenue
> Hartford, CT 06114
> Ph: (860) 296-3457
> Fax: (860) 296-0676
> *mpetela@cicchielloesq.com*