UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| MARIA MARRERO, ADMINISTRATRIX : <br> FOR THE ESTATE OF ERNESTO MORALES, : <br> : <br> Plaintiff : <br> vs. : <br> : <br> CITY OF HARTFORD, CHIEF JAMES : <br> ROVELLA, WILLIAM CODY, KENNETH : <br> MEDINA, KENNETH LABBE and : <br> ROBERT IOVANNA, : <br> : <br> Defendants : <br> _____ : | CIVIL ACTION NO.: <br> 3:14-cv-00831 (WWE) <br> <br> <br> <br> <br> <br> <br> <br> <br> <br> AUGUST 2, 2017 |

**DEFENDANTS' CITY OF HARTFORD AND
CHIEF JAMES ROVELLA'S REPLY BRIEF**

Pursuant to L.Civ.R. 7(d), the Defendants, CITY OF HARTFORD and CHIEF OF POLICE, JAMES C. ROVELLA, hereby reply to the Plaintiff's Ominbus Objection to Defendants' Motion for Summary Judgment dated July 21, 2017, [Doc. #59], as follows:

**I. ARGUMENT IN REPLY**

**A. The Plaintiff never alleged a *negligent* assault and battery claim against the Defendant Officers.**

The operative complaint is the Plaintiff's Amended Complaint dated August 13, 2014 [Doc.#21] ("Complaint"). The Complaint does not contain any allegations of negligence against any of the defendants.

In moving for summary judgment on Plaintiff's Fifth Count, the City set forth the well-established law that the City is not liable for willful, intentional, willful or wanton misconduct of its employees, pursuant to C.G.S. Sections 52-557n and 7-465. The Plaintiff concedes by abandonment that the City is therefore not liable for any cause of action asserted against any of the Defendant Officers for any claim, unless it is one for

1

negligence. "Federal courts may deem a claim abandoned when a party moves for summary judgment on one ground and the party opposing summary judgment fails to address the argument in any way." Taylor v. City of New York, 269 F.Supp.2d 68, 75 (E.D.N.Y.2003).

In moving for summary judgment, the City argued that because there is no negligence claim, summary judgment should enter in its favor on Plaintiff's statutory claims. In an apparent effort to avoid an adverse ruling, Plaintiff argues for the first time in opposition that the Fifth Count incorporates Defendant Officers' *negligently* committed Assault and Battery, *by necessity*. [P's Brief, Doc.#59-2, p. 30] (emphasis added). However, simply because the Plaintiff now *needs* a cause of action for negligent assault and battery to avoid summary judgment does not mean that it was ever alleged, and it was not, by plaintiff's own admission. For example, in his opposition, Plaintiff acknowledges "…in Counts 2 and 3, respectively, that the Defendant officers' actions constituted *Intentional* Assault and Battery, as well as Reckless and Wanton Assault." [P's Brief, Doc.#59-2, p. 10] (emphasis added).

The Plaintiff cannot amend his complaint in a memorandum in opposition to a motion for summary judgment. See Lyman v. CSX Transportation, Inc., 364 Fed.Appx. 699, 701 (2d Cir. 2010); Auguste v. Department of Corrections, 424 F. Supp. 2d 363, 368 (D. Conn. 2006) (a plaintiff "cannot amend his complaint in his memorandum in response to defendants' motion for summary judgment"). In Lyman v. CSX Transp., Inc., the plaintiff alleged negligence claims for the first time in its opposition to the defendant's motion for summary judgment. The Second Circuit affirmed the district

2

court's determination that it should not consider claims raised for the first time in opposition to summary judgment.

Here, the Plaintiff has already once amended his complaint almost three years ago and discovery has closed. This Court should not permit the plaintiff to further amend the complaint to add new allegations against the defendants at this late stage in the case to avoid summary judgment. Allah v. Poole, 506 F.Supp.2d 174, 193 (W.D.N.Y.2007) ("a memorandum of law or other motion papers are not proper vehicles by which to raise claims that are not asserted in the complaint"); Mutts v. S. Conn. State Univ., No. 04CV1746, 2006 WL 1806179 at *7 (D. Conn. June 28, 2006) (declining to consider new claim raised for first time in plaintiff's memorandum opposing the defendant's motion for summary judgment); Wright v. Ernst & Young LLP, 152 F.3d 169, 178 (2d Cir.1998) (declining to address merits of claim that "does not appear anywhere in the amended complaint and did not enter the case until [the plaintiff] mentioned it for the first time in her opposition memoranda to the motion to dismiss").

Since there is no genuine cause of action for negligence alleged in Plaintiff's Complaint, the City's motion for summary judgment should be granted on the Fifth Count.

**B. The Plaintiff never alleged a *Monell* claim or failure to train claim against the City or Chief Rovella.**

The Plaintiff also attempts to avoid an adverse ruling on the Fourth Count by once again arguing that he alleged a claim that is nowhere contained in his Complaint. Plaintiff argues that summary judgment should not enter because it alleged a "failure to train claim against Chief Rovella;" or "policy or custom;" and alleged a *Monell* claim. None of these words appear anywhere in Plaintiff's Complaint. [Doc.#21] There is no

reference to a "failure to train;" a "policy or custom", or *Monell*, at all. It is simply too late at this stage for the Plaintiff to amend his complaint to add an entirely new theory against the City and Chief Rovella. It is also prejudicial to the defendants after discovery has closed and motions for summary judgment have already been filed. This Court should decline to consider those claims asserted for the first time in opposition to summary judgment. Lyman v. CSX Transportation, Inc., 364 Fed.Appx. 699, 701 (2d Cir. 2010); Auguste v. Department of Corrections, 424 F. Supp. 2d 363, 368 (D. Conn. 2006).

Plaintiff has argued in his opposition brief and has submitted exhibits to support those *"Monell"* claims. Should the Court rule that it would consider the merits of Plaintiff's *Monell* claim against the City and failure to train against Chief Rovella, in the alternative, these Defendants respectfully request that they be afforded the opportunity to file a supplemental motion for summary judgment with supporting exhibits.

> THE DEFENDANTS:
> CITY OF HARTFORD
> AND JAMES C. ROVELLA, POLICE CHIEF
>
> BY:/s/Nathalie Feola-Guerrieri
> Nathalie Feola-Guerrieri,
> Senior Assistant Corporation Counsel
> 550 Main Street, Suite 210
> Hartford, CT 06103
> Fed Bar No. ct17217
> Tel: (860) 757-9700
> Fax: (860) 722-8114
> Email: feoln001@hartford.gov

## **CERTIFICATION**

This is to hereby certify that on August 2, 2017, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by email to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.:

/s/ Nathalie Feola-Guerrieri
Nathalie Feola-Guerrieri